IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANLEY BERNARD HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1047-GMS |
| | ) |
| DELMARVA POWER and NEW CASTLE | ) |
| COUNTY POLICE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Stanley Bernard Howard ("Howard"), filed this action on August 14, 2014. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

The complaint does not reference any statute but indicates this is a matter of commerce and trade. While not clear, it appears that on August 13, 2014, the defendant New Castle County Police ("NCC Police") escorted a representative of the defendant Delmarva Power ("Delmarva") to 72 Emerald Ridge Drive in Bear, Delaware, to turn off the service. It appears that the utility is in the name of Marquita Howard ("Marquita"). Howard alleges that Delmarva is required to sue Marquita for non-payment before turning off the power and that it may not turn off the power with a proof of claim of non-payment. Howard alleges that he has the right to endorse and return the bill for payment and that the bill is always paid.

Howard seeks the return of funds "extorted by" Delmarva and an order restraining the NCC Police from entering the property unless called upon to protect and serve.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Howard proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions.

2

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Howard leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

The complaint indicates that this is a "federal question" and refers to commerce and trade. The complaint, however, fails to reference any federal statute. Liberally construing the complaint, as the court must, Howard has alleged what appears to be a billing dispute and debt

3

action, issues that arise under Delaware law. The court perceives no basis for federal jurisdiction.

In addition, there is no diversity jurisdiction. The complaint and civil cover sheet indicate that, at the time he initiated this lawsuit, plaintiff was a citizen of the State of Delaware as are defendants. Hence, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a) (for diversity jurisdiction the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs); *id.* at § 1332(a)(1) (for diversity jurisdiction the matter in controversy must be between citizens of different States). Accordingly, the court lacks subject matter jurisdiction over this matter.

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint for lack of subject matter jurisdiction. Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Nov 21, 2014
Wilmington, Delaware

4